UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER DOE, *et al.*, <br><br>　　Plaintiffs, <br><br>　vs. <br><br>STATE OF CALIFORNIA, *et al.*, <br><br>　　Defendants. | Case No.: 1:24-cv-00337-JLT-CDB (PC) <br><br> ORDER DENYING PLAINTIFFS' REQUEST TO SEAL DOCUMENTS RELATED TO ATTORNEY'S FEES AND COSTS <br><br>(Docs. 12, 13) <br><br>**7-DAY DEADLINE** |

**Background**

On February 7, 2024, Plaintiffs initiated this action with the filing of a complaint in the Superior Court of the State of California, County of Madera. *See* (Doc. 1). On March 21, 2024, Defendants removed the action to this Court. *See id.* The parties filed a joint notice of settlement on September 19, 2024. (Doc. 10).

Pending before the Court is Plaintiffs' request to seal documents related to counsel's motion for attorney's fees. (Docs. 12, 13). Plaintiffs' counsel provides no authority and cites no cases for the proposition that the documents she lodged with the Court should be sealed. Upon review, the documents appear to be attorney billing records. The only justification put forward for sealing these records is that the "itemization includes information about Plaintiff's Counsel's research and writing and client communications. This information is necessary for the Court to evaluate the reasonableness of the fees and costs sought in this matter, but they are not proper for filing on a

1  public docket." (Doc. 12 at 1-2).

**Legal Standard**

Under the First Amendment, the press and the public have a presumed right of access to court proceedings and documents. *See generally Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1985); *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016); *cf. Olympic Ref. Co. v. Carter*, 332 F.2d 260, 264 (9th Cir. 1964) ("In the federal judicial system trial and pretrial proceedings are ordinarily to be conducted in public."). As a general rule, the public is permitted 'access to litigation documents and information produced during discovery.'" *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Phillips v. Gen. Motors Corp.*, 307 F. 3d 1206, 1210 (9th Cir. 2002) and citing *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999)). This presumed right can be overcome if (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest. *Oregonian Publishing Co.*, 920 F.2d at 1466 (citing *Press Enterprise*, 464 U.S. at 510).

Where, as here, the documents that the applicant seeks to seal relate to a non-dispositive motion, the applicant must satisfy a "good cause" standard by making a "particularized showing" that "specific prejudice or harm" will result should the information be disclosed. *Foltz*, 331 F.3d at 1131. Broad and unsupported allegations will fall short. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir.1992).

**Discussion**

A motion for attorney's fees is not a dispositive motion. *See U.S. ex rel. Shutt v. Cmty. Home & Health Care Servs., Inc.,* 550 F.3d 764, 766 (9th Cir.2008) ("The determination of the relator's share of an FCA award, like the award of attorney's fees, raises factual issues 'collateral to the main action' because it involves a factual inquiry distinct from one addressing the merits.'") (quoting *Int'l Assoc. of Bridge Local Union 75 v. Madison Indus., Inc.,* 733 F.2d 656, 659 (9th Cir. 1984)); *e.g., Digital Reg of Texas, LLC v. Adobe Sys., Inc.,* No. 12–1971, 2015 WL 604055, at 1 (N.D. Cal. Feb. 11, 2015) ("The documents sought to be filed under seal in this case are related to

1   motions for attorneys' fees, a non-dispositive motion.").

2   The Court has considered the reasons advanced by Plaintiffs in their notice of motion to seal in the light of the factors set forth in *Oregonian Publ'g Co.* and concludes those reasons do not compellingly outweigh the strong presumption in favor of access to public records. *See, e.g., Muench Photography, Inc. v. Pearson Educ., Inc.*, No. 12–1927, 2013 WL 6698465, at 2 (N.D. Cal.2013). Generally, attorney billing records will not be sealed absent a showing of specific prejudice or harm. *See, e.g., Grouse River Outfitters Ltd. v. Oracle Corp.*, No. 16-cv-02954-LB, 2019 WL 8752333, at 2 (N.D. Cal. Sept. 27, 2019) ("Oracle has not shown 'good cause' for sealing its counsel's billing rates and invoices."); *Aylus Networks, Inc. v. Apple Inc.*, No. 13-cv-04700-EMC, 2016 WL 1252778, at 2 (N.D. Cal. Mar. 30, 2016) ("[T]he number of hours spent litigating a case and billing rates are not considered proprietary information."); *Muench Photography, Inc. v. Pearson Educ., Inc.*, No. 12-cv-01927-WHO, 2013 WL 6698465, at 2 (N.D. Cal. Dec. 18, 2013) ("[T]he Court is unclear how disclosure of mundane descriptions of typical attorney tasks, such as 'review and revise documents and reports' or 'confer with [attorney] re: same and collection and production of documents,' even taken as a whole, reveals sensitive information or confidential litigation strategy."); *Ferrington v. McAfee, Inc.*, No. 10-cv-01455-LHK, 2013 WL 3814474, at *2 (N.D. Cal. July 22, 2013) ("The Court has reviewed counsel's descriptions, and none of these descriptions reveal confidential litigation strategy.").

Upon review, the billing records lodged by Plaintiff's counsel do not appear to warrant different treatment. Plaintiffs' counsel only claims, generally, that the documents include "research and writing and client communications" and that such information is "not proper for filing on a public docket." (Doc. 12 at 1-2). Counsel has made no particularized showing of specific harm. Additionally, a review of the lodged documents suggests no clear indication of any such specific harm.

///
///
///
///

3

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED, Plaintiffs' request to file the documents under seal (Docs. 12, 13) is DENIED.

And it is FURTHER ORDERED that Plaintiffs shall file on the docket any motion for attorney's fees and all supporting documents within seven (7) days of the date of this order.

IT IS SO ORDERED.

Dated: **November 21, 2024**

UNITED STATES MAGISTRATE JUDGE