UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER DOE, *et al.*, | No. 1:24-cv-00337-JLT-CDB (PC) |
| Plaintiffs, | FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AS MODIFIED |
| v. | |
| STATE OF CALIFORNIA, *et al.*, | (Doc. 19) |
| Defendants. | |

### I.   BACKGROUND

On February 7, 2024, Plaintiffs Jennifer Doe and Nancy Doe initiated this action with the filing of a complaint in state court, asserting state and federal causes of action. (Doc. 1 at 5-51). On March 21, 2024, Defendants State of California and the California Department of Corrections and Rehabilitation removed the case to this court. *See* (Doc. 1).[1] On September 19, 2024, the parties filed a notice of settlement. (Doc. 10).

On October 22, 2024, counsel for Plaintiffs filed a motion for attorney's fees related to her representation of Plaintiff Jennifer Doe, as well as a motion to seal attached billing records. (Doc. 12). The Court denied the motion to seal and directed Plaintiff's counsel to file the relevant

---

[1] Although the docket reflects that counsel for Defendants also represent Defendant Michael Pallares and agreed to accept service of process on his behalf (*see* Doc. 1 at 2 ¶ 3), he did not join the removal and does not appear to be a party to the settlement agreement noticed in this case. *See* (Doc. 10).

1

records on the docket. (Doc. 18). Plaintiff's counsel timely filed her motion for attorney's fees with the attached records on December 12, 2024. (Doc. 19).

Plaintiff represented that the motion for fees was unopposed. *See* (Docs. 12, 19). Defendants have not filed any opposition to the motion nor any notice disputing the Plaintiff's characterization of the motion as unopposed.

## II. GOVERNING LEGAL STANDARD

### a. Applicable Federal Law

"The Supreme Court has stated that the lodestar is the 'guiding light' of its fee-shifting jurisprudence, a standard that is the fundamental starting point in determining a reasonable attorney's fee." *Van Skike v. Director, Office of Workers' Comp. Programs*, 557 F.3d 1041, 1048 (9th Cir. 2009) (quoting *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

District courts in the Ninth Circuit are required "to calculate an award of attorneys' fees by first calculating the 'lodestar' before departing from it." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008) (internal citation and quotation marks omitted). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.* at 978 (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)). The court "should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

"In addition to setting the number of hours, the court must also determine a reasonable hourly rate, 'considering the experience, skill, and reputation of the attorney requesting fees.'" *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986) ("In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.")). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979.

The lodestar figure is presumptively reasonable. *Dague*, 505 U.S. at 562 ("We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee ..."). It follows that "[a]djustments to the lodestar amount are allowed only if circumstances warrant ... and are reserved for rare or exceptional cases." *Rouse v. L. Offs. of Rory Clark*, 603 F.3d 699, 704 (9th Cir. 2010) (internal citations and quotation marks omitted).

In light of these governing standards, "any adjustments to the lodestar must be carefully tailored, drawing from a finite pool of factors relevant to the reasonableness determination and only to the extent a factor has not been subsumed within the lodestar calculation." *Schmidt v. City of Modesto*, No. 1:17-cv-0144-DAD-MJS, 2018 WL 6593362, at *2 (E.D. Cal. Dec. 14, 2018) (citing *Camacho*, 523 F.3d at 982) (citing the factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)). Those factors include the preclusion of other employment by the attorney due to acceptance of the case; time limitations imposed by the client or the circumstances; the amount of money involved and the results obtained; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. *Rouse*, 603 F.3d at 705; *see Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006).

**b.  Applicable State Law**

Plaintiffs who prevail on a claim under California Civil Code § 52.1 (the "Bane Act") are entitled to attorney's fees. Cal. Civ. Code § 52.1(i). For the purposes of analyzing fee awards, "[l]odestar analysis is generally the same under California law and [f]ederal law." *Rodriguez v. Cnty. of Los Angeles*, 96 F. Supp. 3d 1012, 1017 (C.D. Cal. 2014), aff'd, 891 F.3d 776 (9th Cir. 2018). "Federal and California law regarding attorney's fees are coexistent except that under California law, a prevailing Plaintiff may be entitled to lodestar enhancement or multiplier." *Notter v. City of Pleasant Hill*, No. 16-CV-04412-JSC, 2017 WL 5972698, at *2 (N.D. Cal. Nov. 30, 2017).

**III.   DISCUSSION**

First, the Court determines whether Plaintiff Jennifer Doe is entitled to fees. A prevailing party may be awarded reasonable fees in relation to the prosecution of a federal civil rights claim.

3

"In any action or proceeding to enforce a provision of section[ ] ... 1983 ... of this title, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee …" 42 U.S.C. § 1988(b). The statute does not differentiate between a prevailing plaintiff or a prevailing defendant but case law has provided clarity. "[A] prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley*, 461 U.S. at 429 (internal quotations omitted).

Here, Plaintiff reached a settlement agreement with Defendants. (Doc. 10). Plaintiffs' counsel represents that the parties agreed to resolve Jennifer Doe's claim for $95,000. (Doc. 19 at 2). As such, she is the prevailing party and is entitled to an award of attorney's fees and costs. *See* 42. U.S.C. § 1988(b); *see also Roberts v. City of Honolulu*, 938 F.3d 1020, 1023 (9th Cir. 2019) ("A plaintiff prevails for purposes of § 1988 when actual relief on the merits of [her] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff …").

Similarly, the settlement award establishes eligibility under the Bane Act for reasonable attorney's fees. *See Dixon v. City of Oakland*, No. C-12-05207 DMR, 2014 WL 6951260, at *5 (N.D. Cal. Dec. 8, 2014) (holding that by the terms of the settlement, defendants agreed that plaintiff had recovered an award of damages). As Defendants have filed no opposition, the Court has no information or indication of any existing, alleged "special circumstances" that would render a fee award "unjust." *See Serrano v. Unruh*, 32 Cal. 3d 621, 632 (1982) (holding that "unless special circumstances would render such an award unjust," "parties who qualify for a fee should recover for all hours reasonably spent, including those on fee-related matters.").

**A. Reasonableness of Hours Billed**

"Once a party is found eligible for fees, the district court must then determine what fees are reasonable …" *Klein v. City of Laguna Beach*, 810 F.3d 693, 698 (9th Cir. 2016) (citation omitted). A fee applicant must provide records documenting the tasks completed and the amount of time spent. *Hensley*, 461 U.S. at 424; *see Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007). The Court "has its own independent duty to review the submitted itemized log of hours to determine the reasonableness of the hours requested in each case." *California Open Lands v.*

4

*Butte Cnty. Dep't of Pub. Works*, No. 2:20-CV-00123-DJC-DMC, 2024 WL 4819205, at *4 (E.D. Cal. Nov. 18, 2024) (internal quotations omitted).

Purely clerical tasks generally are not recoverable in a motion for attorney's fees and should instead be subsumed in normal overhead costs. *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) ("filing, transcript, and document organization time was clerical in nature and should have been subsumed in firm overhead rather than billed at paralegal rates"); *Missouri v. Jenkins ex rel. Agyei*, 491 U.S. 274, 288 n.10 (1989) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."). "When clerical tasks are billed at hourly rates, the court should reduce the hours requested to account for the billing errors." *Nadarajah*, 569 F.3d at 921. Tasks such as preparing proofs of service, processing records, posting letters for mail, photocopying, three-hole punching, internal filing, calendaring, and preparing the summons and complaint for filing have been found to be purely clerical tasks for which fees are not recoverable. *LaToya A. v. San Francisco Unified Sch. Dist.*, No. 3:15-CV-04311-LB, 2016 WL 344558, at *9 (N.D. Cal. Jan. 28, 2016). Even if attorneys themselves do not perform these tasks, "their 'instruct[ions]' delegating those tasks to their support staff are no less clerical in nature." *Shaw v. Kelley*, 2019 WL 5102610, at 7 (N.D. Cal. Oct. 11, 2019).

Plaintiffs' counsel states that she spent approximately 70 hours working on this case in the past 19 months. (Doc. 19 at 9). She provides that her work was complicated by "not only investigating and prosecuting Jennifer Doe's legal claims, but also regularly working with lawyers on two important, related matters." She states she needed to coordinate with the Madera County Attorney's Office regarding Jennifer Doe's testimony against Defendant Rodriguez in this matter. She states that she, additionally, needed to coordinate with Jennifer Doe's post-conviction counsel regarding resentencing and restitution proceedings. She provides she continued work after the itemized fees attached to the motion ended on October 14, 2024, by attending Defendant Rodriguez's criminal trial on October 16 and 17, 2024. *Id.*

A review of the attached billing records (Doc. 19-3 at 1-18) suggests inclusion of improper tasks billed by paralegals and legal assistants, such as clerical work, for example:

- An entry of "1:00" on July 3, 2024, with description "Searched for lodging places for

1      Joy – Yadira Caro," with fee of $179 evidencing the paralegal hourly rate. *Id.* at 4.

2   - An entry of "0:06" on July 18, 2024, with description "schedule a new in-person visit
3      date on the calendar," with fee of $17.9. *Id.* at 5.

4   - An entry of "0:06" on September 30, 2024, with description "Calendar Jail visit –
5      Fabiola Trevizo," with fee of $17.9. *Id.* at 8.

6         Also included are a number of entries evidencing work done, it appears, on the related
7   criminal matter, as well as discussion with prosecutors and criminal counsel on that matter, for
8   example an entry of "0.30" on September 27, 2023, with description "Draft Notice of Attorney
9   Appearance in Rodriguez criminal matter." Though the Court understands that there are likely
10  overlapping issues between this matter and any related criminal matters, it is unclear from counsel's
11  descriptions in her motion, declaration, and billing records how appropriate many of these entries
12  are for inclusion as attorney's fees in this civil matter.

13        Plaintiffs' counsel claims her requested fees of $40,768.15 are less than what she actually
14  incurred in this action, having "incurred approximately twenty percent more fees and expenses than
15  the Plaintiff's Counsel initially estimated. Because the lower number was relied upon by the
16  Defense in securing approval of the settlement, Plaintiff Counsel [sic], by this Motion, asks only
17  that the original estimated amount be ordered." (Doc. 9 at 2). However, though Plaintiffs' counsel
18  has provided billing records, the amounts listed are not clearly totaled, nor are total summed hours
19  provided by category, namely between the time spent by attorneys and the time spent by paralegals
20  and legal assistants. With Plaintiffs' counsel's showing, the Court cannot be confident Plaintiffs'
21  counsel did in fact incur approximately 20% more fees and expenses. "Where the documentation
22  of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*,
23  461 U.S. 424, 433 (1983).

24        Plaintiffs' counsel claims a total of 70 attorney hours spent working on this case. A review
25  of the attached billing records indicates a total of 5.3 paralegal and legal assistant hours. As it would
26  be unduly burdensome to attempt to sort Plaintiff's time entries and sever improper time from
27  proper time across the pages of Plaintiff's billing records, the Court will instead discount Plaintiff's
28  claimed billable hour totals by 10%. As such, Plaintiff's total attorney time for purposes of fees is

63 hours. Plaintiff's total paralegal and legal assistant time for purposes of fees is 4.77 hours. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) (the Court has the authority to impose "a small reduction, no greater than ten percent—a 'haircut'—based on its exercise of discretion"); *see also California Open Lands*, 2024 WL 4819205, at *4 (E.D. Cal. Nov. 18, 2024) ("Courts have the discretion to trim fat from, or otherwise reduce, the number of hours claimed to have been spent on the case.").

### B. Reasonableness of Hourly Rates

In determining a reasonable rate for attorney's fees, "the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits— that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). A reasonable hourly rate is not defined by reference to the rates actually charged by the prevailing party. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). Rather, reasonable fees must be calculated based on the prevailing market rates charged by "attorneys in the relevant community engaged in 'equally complex [f]ederal litigation.'" *Van Skike v. Dir., Off. of Workers' Comp. Programs*, 557 F.3d 1041, 1046 (9th Cir. 2009). Thus, when a case is filed in the Eastern District of California, this District "is the appropriate forum to establish the lodestar hourly rate..." *Jadwin v. County of Kern*, 767 F. Supp. 2d 1069, 1129 (E.D. Cal. 2011).

Courts may also draw upon "[d]ecisions by other courts regarding the reasonableness of the rate sought," as well as the court's "own experience in determining what constitutes a reasonable rate." *Base v. FCA US LLC*, No. 17-cv-01532-JCS, 2020 WL 363006, at *4 (N.D. Cal. Jan. 22, 2020).

Without the benefit from counsel for Plaintiff of a survey of fee awards in the Eastern District of California, the undersigned has reviewed relatively recent decisions addressing fees in section 1983 actions and concludes that, as of 2017, hourly fee rates for attorneys with over 15 years of experience generally were capped at $550. *See Z.F. v. Ripon Unified Sch. Dist.*, No. 2:10–cv–00523-TLN-CKD, 2017 WL 1064679, at *3 (E.D. Cal. Mar. 21, 2017) ("Prevailing hourly rates in the Eastern District of California are in the $350–$550/hour range for experienced attorneys with

7

over 15 years of experience in civil rights and class action litigation."). Paralegal and legal assistant work in the Eastern District generally ranges from $100 to $125, also depending on experience.

Plaintiff's counsel seeks an attorney hourly rate of $675 and a paralegal hourly rate of $179. (Doc. 9 at 5). She does not cite any case in the Eastern District approving fees in the general range she has requested. Rather, she cites cases arising in the Central District of California, which reflect the prevailing rates in other communities, not the Eastern District. *Id.* She also cites the Laffey Matrix of the Department of Justice, which is based on rates in the Washington, D.C. metropolitan area, which counsel acknowledges can be "somewhat higher than other parts of the United States." *Id.* at 6-7. Counsel provides that her rate is half of the current applicable rate in the Laffey Matrix. *Id.*

Additionally, counsel describes her experience and training and attaches her CV as an exhibit to her declaration. (Doc. 19-2). In brief, she provides that she is trained in trauma-informed representation (Doc. 19 at 7-8; Doc. 19-1 at 1-2), has over seven years of experience as a prosecutor (Doc. 19 at 5; Doc. 19-1 at 2; Doc. 19-2 at 5), has served on Criminal Justice Act panels (Doc. 19-1 at 3), has been in private practice for 19 years and tried numerous cases in front of juries (Doc. 19 at 5; Doc. 19-2 at 2-5), and has taught trial advocacy at the Trial Lawyers College, as well as in foreign countries (Doc. 19 at 6; Doc. 19-1 at 2), among other things.

Considering all the factors named above, the Court is not persuaded by Ms. Bertrand's declaration that her rates are reasonable and commensurate with her experience as compared to rates commonly set in this district. Plaintiff's motion, declaration, and exhibits do not provide that Ms. Bertrand, or any other practitioner in the Eastern District with comparable experience, has been awarded rates at or around $675 per hour for attorneys or $179 per hour for paralegals in this locality in section 1983 cases similar to the instant action.

Although Ms. Bertrand's years of experience and training reflect demonstrated expertise and competency within the field, counsel's proposed rates are generally above the prevailing market rates for attorneys with comparable experience in the Eastern District. Accordingly, to better align counsel's rates with those customarily awarded in this district, the Court will reduce Ms. Bertrand's hourly rate to $550 per hour (*see Z.F.*, 2017 WL 1064679, at *3) and her paralegals' rate to $125

per hour. *See Meeks*, 2024 WL 4437098, at *8 ("Consequently, the rate for Mr. Calderon is adjusted to $125, which the Court finds reasonable for non-attorney staff in the Eastern District.").

### C. PLRA Limitations

Congress has adopted special standards and limitations on attorney's fees for prevailing plaintiffs seeking monetary damages authorized by 42 U.S.C. § 1988 when the prevailing plaintiff is a prisoner, as in this case, under the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e. Up to 25% of any monetary award a prison plaintiff receives pursuant to § 1988 must be applied as a part of the fee awarded to counsel. 42 U.S.C. § 1997e(d)(2).

As interpreted by the Ninth Circuit, attorney's fees which are subject to the PLRA are capped at 150% of the judgment awarded to prisoner plaintiffs. *See Woods v. Carey*, 722 F.3d 1177, 1180 (9th Cir. 2013) (holding that prisoner plaintiffs' attorneys fees are capped at 150% of the judgment, but that appellate work is not subject to the PLRA cap); *see also Dannenberg v. Valadez*, 338 F.3d 1070, 1075 (9th Cir. 2003) (holding that prisoner plaintiffs' attorneys fees are capped at 150% of the judgment, but where plaintiffs obtain injunctive relief their fees are not subject to the PLRA cap).

The hourly rate for fees subject to the PLRA are also capped and cannot exceed 150% of the authorized hourly rate for court-appointed counsel under the Criminal Justice Act (18 U.S.C. § 3006A). 42 U.S.C. § 1997e(d)(3); *see Webb v. Ada Cnty.*, 285 F.3d 829, 839 (9th Cir. 2002). The maximum rate established by the PLRA is the same for paralegals and other non-attorney billers as it is for attorneys. *Perez v. Cate*, 632 F.3d 553, 558 (9th Cir. 2011) ("[T]he PLRA limits courts to an hourly rate that is 150 percent of the rate established for court-appointed counsel under the Criminal Justice Act and does not set a separate benchmark rate for paralegal fees.").

Here, section 1983 is one of ten causes of action brought by Plaintiff Jennifer Doe. *See* (Doc. 1). All ten causes of action, including both section 1983 and the Bane Act, arise out of a common set of facts. Neither Plaintiff nor Defendants have argued that the settlement is limited to only a subset of those causes of action, nor divided the settlement award between causes of action. "The PLRA does not limit the award of attorney's fees to a prevailing plaintiff whose award is authorized under a statute separate from § 1988." *Beckford v. Irvin*, 60 F. Supp. 2d 85, 88

(W.D.N.Y. 1999); *see Armstrong v. Davis*, 318 F.3d 965, 974 (9th Cir. 2003) ("The PLRA cap on attorney's fees, therefore, does not apply to fees awarded under the ADA or the RA.").

As the facts in this matter appear to be common to all causes of action, it follows that the state law fee provisions of the Bane Act provide authority for attorney's fees awards separate from section 1988 and, thus, the PLRA caps do not apply.

### D. Calculation of the Lodestar Figure

As noted *supra* in subsections A and B, for purposes of the lodestar, Plaintiff has spent 63 attorney hours and 4.77 paralegal and legal assistant hours working on this action. The applicable rate for attorneys is $550 and for paralegals and legal assistants $125.

The lodestar is $35,246.25.

### E. Adjustment of Lodestar Figure

When the litigation "involved a contingent risk or required extraordinary legal skill justifying augmentation of the unadorned lodestar in order to approximate the fair market rate for such services" the court may adjust the lodestar accordingly. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001).

Plaintiff does not request adjustment of the lodestar figure or use of a multiplier (Doc. 19 at 5) and there is no opposition from the Defendants. The Court, therefore, declines to adjust the figure upwards or downwards.

### F. Nontaxable Costs

Under 42 U.S.C. § 1988, "reasonable out of pocket expenses that are normally billed to fee-paying clients may be awarded as costs." *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1058 n.1 (9th Cir. 2006) (citation omitted). In the Ninth Circuit, there is a presumption in favor of awarding costs to the prevailing party. *Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006).

As Plaintiff did not provide a numerical breakdown of her claimed costs, the Court will use her billing records to ascertain the appropriate entries. (Doc. 19-3). She seeks:

- Judicate West Mediations fees, $325.50;
- Airfare for October 13, 2024, Phoenix to Sacramento, $149.90;

1  - Airfare for October 18, 2024, $208.99;

2  - Hotel in Merced, July 31 to August 2, 2024, $148.28;

3  - Hotel in Merced, September 12, 2024, 84.31;

4  - Hotel in Merced, October 13 to October 15, 2024, $188.45;

5  - Hotel in Fresno, October 16, 2024, $91.66;

6  - Hotel in Sacramento, October 17, 2024, $107.92;

7  - Car rental, July 31 to August 2, 2024, $155.05;

8  - Car rental, September 11 to September 13, 2024, $41.88; and

9  - Car rental, October 13 to October 18, 2024, $189.72.

*Id.* at 7, 9.

Plaintiffs' counsel provides that her itemized fees end at October 14, 2024, but that her work continued. She states that she attended Defendant Rodriguez's criminal trial between October 16 and October 17, 2024 to be present for the testimony of both Plaintiffs in this matter. (Doc. 19 at 9). Counsel has not shown the utility of such an act as to this civil action and why fees should be awarded in this action accordingly. It is also unclear which nontaxable costs, then, pertain to this civil action and which pertain to the criminal action for the dates that extend beyond October 14, 2024.

As such, the Court will discount any entry that clearly evidences potentially unrelated expenses after October 14, 2024, such as $208.99 for airfare on October 18, 2024; $91.66 for a hotel in Fresno on October 16, 2024; and $107.92 for a hotel in Sacramento on October 17, 2024. As for the car rental from October 13 to October 18, 2024 in the amount of $189.72, the Court will discount the amount by 50%, as the dates of October 16, 17, and 18, as per counsel's representations, appear to be inapplicable.

The total nontaxable costs, then, are $1,188.23.

### IV.     CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for attorneys' fees and costs be granted in the amount of $36,434.48.

This Findings and Recommendation will be submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 20, 2024**

UNITED STATES MAGISTRATE JUDGE